Kenneth H. Brendel, State Bar No. 019003
kbrendel@mwswlaw.com
Clyde P. Halstead, State Bar No. 025108
chalstead@mwswlaw.com
MANGUM, WALL, STOOPS & WARDEN, P.L.L.C.
100 N. Elden/P.O. Box 10
Flagstaff, AZ  86002
Telephone:  (928) 779-6951
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RONNIE D. STILWELL, a married man,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF WILLIAMS, an Arizona Municipal Corporation; JOSEPH DUFFY, Interim City Manager of the City of Williams, and LYDA DUFFY, husband and wife, RAYMOND GLENN CORNWELL, former Public Works Director of the City of Williams, and "JANE DOE" CORNWELL, husband and wife,<br><br>    Defendants. | CV 12-08053 PCT HRH<br><br>**DEFENDANTS' FIRST AMENDED ANSWER** |

For their First Amended Answer to Plaintiff's Complaint, Defendants, by and through undersigned counsel, admit, deny and allege as follows:

## THE PARTIES

1. Answering Paragraph 1 of Plaintiff's Complaint, upon information and belief, Defendants admit the allegations therein .

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendants admit Joseph Duffy and his wife, Lynda are residents of Coconino County, Arizona.  Mr. Duffy was the Interim City Manager of the City of Williams, but deny he was direct in-line supervisor of Plaintiff.  Further the marital community of Joe Duffy and Lynda should be dismissed from this lawsuit.

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

5. Answering Paragraph 2 of Plaintiff's Complaint, Defendants admit the true name of "Jane Doe" Cornwell is Elsie Cornwell.  The marital community of Raymond Glenn Cornwell and Elsie Cornwell should be dismissed from this lawsuit.

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

7. Answering Paragraph 7 of Plaintiff's Complaint, Defendants admit that all decisions made by the City of Williams officials was in furtherance of their

employment with the City of Williams. The marital communities should be dismissed.

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendants Joe Duffy and Raymond Glenn Cornwell acted in the course and scope of their employment with the City of Williams within the principle of *respondeat superior*. Further, Defendants deny any negligence.

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## JURISDICATION

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Further answering said paragraph, Defendants deny that this matter should be with the Coconino County Superior Court. Defendants removed this matter to the United States District Court, District of Arizona.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendants, upon information and belief, admit the allegations contained therein.

. . .

## ALLEGATIONS COMMON TO ALL CLAIMS

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendants admit Plaintiff was disciplined as stated and that the decision was reversed. Defendants deny the remaining allegations contained therein.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendants admit that Plaintiff retained counsel who prepared and sent a letter to the City of Williams in or around September 2009. Further answering said paragraph, Defendants deny that Plaintiff was being subjected to any sort of harassment or disrespect or had to work in substandard working conditions.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendants admit that Plaintiff was identified as a potential witness in the matter entitled <u>Carolyn Smith, et el. v. City of Williams, et al.</u> Defendants denied any and all allegations in the Complaints filed by Carolyn Smith, denied any such discrimination, retaliation and all other alleged illegal conduct. Further, Glen Cornwell, the subject of Carolyn Smith's Complaint against the City of Williams denied that he had been discriminated against in any manner. Defendants deny any and all remaining allegations contained therein.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendants admit that Plaintiff and counsel for the City of Williams briefly discussed Plaintiff's involvement in the Smith case. Defendants affirmatively allege that Plaintiff refused to discuss the matter with counsel and complained to his current counsel, who also represented Plaintiff as a witness and Carolyn Smith as a plaintiff in her matter against the City of Williams, claiming that counsel was harassing him in some manner. Defendants admit that a motion was filed with the Superior Court, and affirmatively allege that said motion sought to preclude Plaintiff from testifying due to alleged unethical and unprofessional conduct by Plaintiff's counsel in eliciting Plaintiff's alleged testimony. Defendants admit that the judge ultimately denied the City's motion to preclude. Defendants deny any and all remaining allegations contained therein.

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendants admit that they continued to interact with Plaintiff strictly in a work/business related manner.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendants cannot properly respond to claims of how and what he thought, believed or opined about conversations that did not occur. As such, Defendants deny the allegations contained therein.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendants deny the allegations contained therein and specifically deny that any further discussions of Plaintiff's alleged testimony served to upset, anger or surprise Defendants as his expected testimony was disclosed approximately one (1) year prior.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

25. Answering paragraph 25 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

26. Answering Paragraph 26 of Plaintiff's Complaint, Defendants admit the allegations contained therein, but deny the allegations came from Mr. Duffy.

27. Answering paragraph 27 of Plaintiff's Complaint, Defendants are without information or knowledge sufficient so as to form a belief as to the truth and veracity of the allegations contained therein and, therefore, deny same.

28. Answering paragraph 28 of Plaintiff's Complaint, Defendants are without information or knowledge sufficient so as to form a belief as to the truth and veracity of the allegations contained therein and, therefore, deny same. Defendants do admit, however, that Erin Byrnes, as the investigator, met and spoke with and interviewed multiple City employees, including Plaintiff.

29. Answering Paragraph 29 of Plaintiff's Complaint, Defendants admit that Plaintiff's computer was removed, albeit not surreptitiously, but deny it was brought back.

30. Answering paragraph 30 of Plaintiff's Complaint, Defendants admit the allegations contained therein.  Defendants affirmatively allege that the investigation was run by Erin Byrnes in the manner in which she believed it appropriate and necessary and that she was not required to interview any specific person simply because one side or the other identified said person to her.

31. Answering Paragraph 31 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

32. Answering Paragraph 32 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

33. Answering Paragraph 33 of Plaintiff's Complaint, Defendants admit that Plaintiff was offered the opportunity to resign, but deny that any such conduct was improper or illegal in any manner. Defendants deny any and all remaining allegations contained therein.

34. Answering Paragraph 34 of Plaintiff's Complaint, Defendants admit that the investigator, Erin Byrnes, authored a report and delivered same to Defendants in or around January 2011. Defendants deny that the report is based upon incomplete information, an incomplete investigation, hearsay,

rumors and false statements, and unsupported conclusions and assumptions. Defendants further admit that the report recommended Plaintiff's immediate termination. Defendants deny any and all remaining allegations contained therein.

35. Answering Paragraph 35 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

36. Answering Paragraph 36 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

37. Answering Paragraph 37 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

38. Answering Paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

39. Answering Paragraph 39 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

40. Answering Paragraph 40 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

41. Answering Paragraph 41 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

42. Answering Paragraph 42 of Plaintiff's Complaint, Defendants admit that Plaintiff's post-termination request was denied due to being untimely. Defendants deny any and all remaining allegations contained therein.

43. Answering paragraph 43 of Plaintiff's Complaint, Defendants are without information sufficient regarding the number, types and locations of jobs for which Plaintiff may have applied. Defendants are also without information sufficient so as to form a belief and opinion regarding the sufficiency of any such interviews Plaintiff may have participated in. As such, Defendants deny all allegations contained therein.

## FIRST CLAIM FOR RELIEF
(Violation of Federal Age Discrimination in Employment Act ["ADEA"]—Retaliation)

44. Answering Paragraph 44 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

45. Answering Paragraph 45 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

46. Answering Paragraph 46 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

47. Answering Paragraph 47 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## SECOND CLAIM FOR RELIEF
(42 U.S.C. §1983 – Violation of the Equal Protection Clause of the Federal Constitution as applied to the Retaliation Prohibitions of the ADEA)

48. Answering Paragraph 48 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

. . .

### THIRD CLAIM FOR RELIEF
(42 U.S.C. §1983 – Violation of First Amendment)

49. Answering Paragraph 49 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

50. Answering Paragraph 50 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

51. Answering Paragraph 51 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### FOURTH CLAIM FOR RELIEF
(42 U.S.C. §1983 – Violation of Fourteenth Amendment)

52. Answering Paragraph 52 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

53. Answering Paragraph 53 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### FIFTH CLAIM FOR RELIEF
(Wrongful Discharge in violation of public policy – Common Law)

54. Answering Paragraph 54 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### SIXTH CLAIM FOR RELIEF
(Wrongful Discharge – A.R.S, §23-1501(3)(d))

55. Answering Paragraph 55 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

56. Answering Paragraph 56 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### SEVENTH CLAIM FOR RELIEF
(Breach of Contract)

57. Answering Paragraph 57 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### EIGHTH CLAIM FOR RELIEF
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

58. Answering Paragraph 58 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### NINTH CLAIM FOR RELIEF
(Intentional Interference with Contractual Relations)

59. Answering Paragraph 59 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

60. Answering Paragraph 60 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

61. Answering Paragraph 61 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

### TENTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)

62. Answering Paragraph 62 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

. . .

## ELEVENTH CLAIM FOR RELIEF
(Negligent Infliction of Emotional Distress)

63. Answering Paragraph 63 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## TWELFTH CLAIM FOR RELIEF
(Slander and/or Libel against Duffy and City)

64. Answering Paragraph 64 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## THIRTEENTH CLAIM FOR RELIEF
(Slander and/or Libel against Defendants)

65. Answering Paragraph 65 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## FOURTEENTH CLAIM FOR RELIEF
(False Light Invasion of Privacy)

66. Answering Paragraph 66 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## RIGHT TO EQUITABLE RELIEF

67. Answering Paragraph 67 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

68. Answering Paragraph 68 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

. . .

. . .

## DAMAGES

69. Answering Paragraph 69 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

70. Answering Paragraph 70 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

71. Answering Paragraph 71 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

72. Answering Paragraph 72 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

73. Answering Paragraph 73 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

74. Answering Paragraph 74 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

75. Answering Paragraph 75 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

76. Answering Paragraph 76 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

77. Answering Paragraph 77 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

78. Answering Paragraph 78 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

79. Answering Paragraph 79 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

80. Answering Paragraph 80 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

On the basis of presently available information, Defendants assert the following affirmative defenses:

  A. Plaintiff's Complaint fails to state a claim upon which relief may be granted;

  B. Plaintiff'' collective failure to mitigate his damages;

  C. Plaintiff's failure to comply with the applicable statute of limitations, i.e. A.R.S. §12-821;

  D. Plaintiff's failure to comply with the applicable Notice of Claim statute, i.e. A.R.S. §12-821.01;

  E. Absolutely privilege/immunity;

  F. Qualified privilege/immunity; and

  G. Waiver, laches, estoppel and any other matter constituting an avoidance or affirmative defense.

  H. Unclean hands, by way of participation in illegal activities that led directly to his termination;

      I.    Willing participation by Ronnie D. Stilwell in sexual and/or gender discrimination in the nature of harassment, by means of comment, dress, and conduct, and;

Defendants reserve the right to hereafter assert any affirmative defenses established by the Arizona and Federal Rules of Civil Procedure, statute, case law or common law, which may hereafter come to light through discovery.

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues.

**WHEREFORE**, having fully answered the Plaintiff's Complaint, Defendants pray for the following relief:

    A.    That Plaintiff take nothing by his Complaint against the Defendants, and that any and all relief requested by Plaintiff be denied in its entirety;

    B.    That Plaintiff's Complaint be dismissed with prejudice;

    C.    That the Defendants be awarded their reasonable attorney fees, expert fees and costs, to the extent permitted by law;

    D.    That the Court grant such other and further relief as it deems just and appropriate.

. . .

. . .

. . .

RESPECTFULLY SUBMITTED this 18th day of April, 2012.

MANGUM, WALL, STOOPS & WARDEN, P.L.L.C.


By   /s/ Kenneth H. Brendel
Kenneth H. Brendel
Clyde P. Halstead
*Attorneys for Defendants City of Williams, Joseph and Lynda Duffy and Raymond and Elsie Cornwell*


**CERTIFICATE OF SERVICE**

☒   I hereby certify that on April 18, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following CM/ECF registrants:

Clerk
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 625
401 W. Washington Street, SPC 60
Phoenix, AZ  85003-2158

Charles Anthony Shaw, Esq.
LAW OFFICES OF CHARLES ANTHONY SHAW, P.L.L.C.
140 Granite Street
Prescott, Arizona 86301
*Attorneys for Plaintiff*



By:   /s/Sandra Rice