WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

RONNIE D. STILWELL and COURTNEY  )
STILWELL,                        )
                                 )
                    Plaintiffs,  )
                                 )
       vs.                       )
                                 )
CITY OF WILLIAMS, et al.,        )
                                 )   No. 3:12-cv-8053-HRH
                    Defendants.  )   [Prescott Division]
_____)

O R D E R

Motion for Award of Attorneys' Fees and Related Costs

Defendants move for an award of attorneys' fees and related costs.[1] This motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

---

[1] Docket No. 164.

[2] Docket No. 169. Plaintiffs' opposition does not comply with Local Rule 7.1(b) because the font is too small and it does not comply with Local Rule 7.2(e)(1) because it is over length. The court has nonetheless in its discretion considered plaintiffs' opposition.

Background

Plaintiffs are Ronnie D. and Courtney Stilwell. Defendants are the City of Williams; Joseph and Lyda Duffy; Raymond Glenn and Elsie Cornwell; Billy and Bessie Pruett; and Kathy and Tracy Fuller.

Mr. Stilwell was employed as the City's Water Superintendent until he was terminated on January 5, 2011. In their amended complaint,[3] plaintiffs asserted the following claims: 1) an ADEA retaliation claim against the City, Duffy, and Cornwell; 2) an equal protection § 1983 claim against all defendants; 3) a First Amendment § 1983 retaliation claim against all defendants; 4) a 14th Amendment due process § 1983 claim against all defendants; 5) a common law wrongful discharge claim against the City, Duffy, and Cornwell; 6) a wrongful discharge claim under A.R.S. § 23-1501(3)(d) against the City, Duffy, and Cornwell; 7) a breach of contract claim against the City; 8) a breach of the implied covenant of good faith and fair dealing claim against the City; 9) an intentional interference with contract claim against Duffy and Cornwell; 10) an intentional infliction of emotional distress claim against all defendants; 11) a negligent infliction of emotional distress claim against all defendants; 12) a slander and/or libel claim against the City and Duffy; 13) a slander and/or libel claim against the City, Duffy, and Cornwell based on alleged statements made to Mr. Stilwell's prospective employers; 14) a slander claim

---

[3]Docket No. 18.

against Fuller; 15) a libel claim against all defendants; and 16) a false light invasion of privacy claim against all defendants.

Plaintiffs moved for summary judgment on their due process § 1983 claim, their A.R.S. § 23-1501(3)(d) wrongful discharge claim, their breach of the implied covenant of good faith and fair dealing claim, and their intentional interference with contract claim against Duffy. Defendants cross-moved for summary judgment on all of plaintiffs' claims. During the pendency of the cross-motions for summary judgment, plaintiffs withdrew their second, twelfth, and thirteen claims for relief.[4]

On March 5, 2014, the court granted summary judgment to defendants[5] and the judgment dismissing plaintiffs' amended complaint was entered the same day.[6]

Pursuant to Local Rule 54.2, defendants now move for an award of attorneys' fees and related costs.[7]  Defendants seek $147,263.25 in fees and $9,318.79 in costs.[8]

---

[4] Plaintiffs' Response to Defendants' Motion[s] for Partial Summary Judgment [etc.] at 36 & 56, Docket No. 152.

[5] Docket No. 162.

[6] Docket No. 163.

[7] Defendants' motion was timely filed but defense counsel's statement of consultation does not reflect a good faith effort to resolve the attorneys' fees issue prior to the instant motion being filed.  The court has nonetheless in its discretion considered the instant motion.

[8] Attached as Exhibit E to the instant motion is a document entitled "Defendants' Statement of Costs and Notice of Taxation of Costs."  Although the costs outlined in this
(continued...)

Discussion

There is no dispute that defendants are the prevailing parties in this matter. The issue here is whether as the prevailing parties, defendants are entitled to an award of some or all of their attorneys' fees and related costs.

Defendants first argue that they are entitled to attorneys' fees for their defense of plaintiffs' ADEA retaliation claim. "The ADEA does not expressly provide for the award of attorney's fees. Instead, the ADEA incorporates the remedial provisions of the Fair Labor Standards Act...." Richardson v. Alaska Airlines, Inc., 750 F.2d 763, 765 (9th Cir. 1984). "The FLSA's fee-shifting provision refers only to a prevailing plaintiff and says nothing of a prevailing defendant." Mach v. Will County Sheriff, 580 F.3d 495, 501 (7th Cir. 2009) (internal citation omitted). But, "the ADEA's remedial scheme does not preclude application of the common law rule that a prevailing defendant may obtain attorneys' fees if the plaintiff litigated in bad faith." Id. "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" Primus Automotive Financial Services, Inc. v. Batarse, 115 F.3d 644, 649 (9th Cir. 1997) (quoting In re Keegan, 78 F.3d 431, 436 (9th

---

[8](...continued)
document are the kind usually treated as taxable costs, defendants request that the court treat these costs as "related costs", rather than taxable costs. See Defendants' Reply [etc.] at 2, Docket No. 172.

Cir. 1996)). "A party also demonstrates bad faith by 'delaying or disrupting the litigation or hampering enforcement of a court order.'" Id. (quoting Hutto v. Finney, 437 U.S. 678, 689 n.14 (1978)). "An award of attorneys' fees for bad faith 'is punitive and the penalty can be imposed only in exceptional cases and for dominating reasons of justice.'" Dogherra v. Safeway Stores, Inc., 679 F.2d 1293, 1298 (9th Cir. 1982) (quoting United States v. Standard Oil Co., 603 F.2d 100, 103 (9th Cir. 1979)).

Plaintiffs' ADEA retaliation claim against the City was not frivolous or pursued to harass defendants or delay this litigation. Although the court found that plaintiffs could not establish causation as to this claim, plaintiffs' argument that Mr. Stilwell's termination was the end result of a 15-month campaign of harassment by defendant Duffy was not frivolous. And although plaintiffs' ADEA retaliation claim against Duffy and Cornwell failed as a matter of law, the fact that plaintiffs pursued this claim did not delay the litigation and required little, if any, additional work for defense counsel. Because plaintiffs' did not litigate their ADEA retaliation claim in bad faith, defendants are not entitled to attorneys' fees and related costs for their defense of this claim.

Defendants next argue that they are entitled to attorneys' fees for their defense of plaintiffs' § 1983 claims (claims 2, 3, and 4). Pursuant to 42 U.S.C. § 1988(b), "a prevailing defendant" in a § 1983 case "may only recover fees in 'exceptional circumstances' where the court finds that the plaintiff's claims are 'frivolous, unreasonable, or groundless.'"

Braunstein v. Ariz. Dep't of Transp., 683 F.3d 1177, 1187 (9th Cir. 2012) (quoting Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 971 (9th Cir. 2011)).

Defendants argue that plaintiffs' § 1983 equal protection and free speech claims were frivolous because they were foreclosed by Ahlmeyer v. Nevada System of Higher Education, 555 F.3d 1051 (9th Cir. 2009). Defendants also argue that it is clear that plaintiffs realized that the § 1983 equal protection claim was frivolous since they withdrew it after defendants filed their motion for summary judgment on this claim. As for plaintiffs' § 1983 due process claim, defendants argue that this claim was frivolous because the evidence clearly showed that Mr. Stilwell was an at-will employee who could be terminated without cause.

Plaintiffs' § 1983 equal protection and free speech claims were not frivolous. Plaintiffs made a plausible argument supported by legal authority that Ahlmeyer did not apply. That the court found defendants' argument more persuasive does not make these claims frivolous nor does the fact that plaintiffs ultimately chose to withdraw their § 1983 equal protection claim. Plaintiffs' withdrawal came early enough in the summary judgment process to save both the court and defendants time. Plaintiff's § 1983 due process claim was also not frivolous. Plaintiffs had a plausible argument that Stilwell's at-will employment status had been modified by the City's Employee Manual and the parties' mutual understanding that he was entitled to the disciplinary procedures that applied to

employees who could only be terminated for cause. Because plaintiffs' § 1983 claims were not frivolous, unreasonable, or groundless, defendants are not entitled to attorneys' fees and related costs for their defense of these claims.[9]

Defendants next argue that they are entitled to attorneys' fees for their defense of plaintiffs' contract claims (claims 7 and 8).[10] The court, in its discretion, may award a prevailing party reasonable attorneys' fees "[i]n any contested action arising out of a contract[.]" A.R.S. § 12–341.01(A).

The court declines to award defendants attorneys' fees for their defense of claims 7 and 8 "[b]ecause there is nothing in the record to suggest what portion of the fees is related to" the claims arising out of contract "as distinguished from" plaintiffs' other claims. Circle K Corp. v. Rosenthal, 574 P.2d 856, 862 (Ariz. Ct. App. 1977); see also, Marsh v. Digital Equipment Corp., 699 F. Supp. 1411, 1412-13 (D. Ariz. 1988) (denying the defendant's application for fees under A.R.S. § 12-341.01(A) because the parties had not

---

[9]Because defendants have not shown that they are entitled to attorneys' fees pursuant to 42 U.S.C. § 1988(b), they are also not entitled to attorneys' fees or sanctions pursuant to 28 U.S.C. § 1927 and Rule 11, Federal Rules of Civil Procedure.

[10]Defendants contend that plaintiffs' claim 9 for intentional interference with contract is a claim "arising out of contract" but "[t]he duty not to interfere with the contract of another arises out of law, not contract" and thus this claim is treated as a tort claim for purposes of the instant motion. Bar J Bar Cattle Co. v. Pace, 763 P.2d 545, 550 (Ariz. Ct. App. 1988).

"treated the discrimination and contract claims as discrete issues and had [not] kept separate time records relating to each issue").

Defendants next argue that they are entitled to attorneys' fees for their defense of plaintiffs' state law tort claims (claims 5-6 and 9-16) pursuant to A.R.S. § 12-349(A). Section 12-349(A) provides, in pertinent part, that

> the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:
>
> 1. Brings or defends a claim without substantial justification.
>
> 2. Brings or defends a claim solely or primarily for delay or harassment.
>
> 3. Unreasonably expands or delays the proceeding.
>
> 4. Engages in abuse of discovery.

"'[W]ithout substantial justification' means that the claim or defense is groundless and is not made in good faith." A.R.S. § 12-349(F).

The Ninth Circuit has held that this state law statute, which the court of appeals characterized as a "sanctions statute" does not apply to actions in federal court, even if the court is sitting in diversity. In re Larry's Apartment, L.L.C., 249 F.3d 832, 837-840 (9th Cir. 2001). But even if A.R.S. § 12-349(A) applied here, the court would decline to award defendants attorneys' fees because plaintiffs' state law tort claims, albeit weak, were not

groundless or made in bad faith nor did they unreasonably expand the litigation. Plaintiffs had plausible factual and legal arguments as to each of these claims, even though they did not ultimately prevail on any of these claims. And, these claims did not unreasonably expand the litigation, although they involved some discovery that was not directly related to plaintiffs' other claims. Thus, defendants are not entitled to attorneys' fees and related costs for their defense of plaintiffs' state law tort claims.

## Conclusion

Defendants' motion for an award of attorneys' fees and related costs[11] is denied.

DATED at Anchorage, Alaska, this 25th day of April, 2014.

/s/ H. Russel Holland
United States District Judge

---

[11]Docket No. 164.