WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| RONNIE D. STILWELL and COURTNEY STILWELL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CITY OF WILLIAMS, et al., | ) ) | |
| Defendants. | ) ) ) | No. 3:12-cv-8053-HRH [Prescott Division] |

## O R D E R

### Motion for Reconsideration

Defendants move for reconsideration[1] of the court's order denying their motion for an award of attorneys' fees and costs.[2] The court advised the parties that it would treat the motion for reconsideration as a motion brought pursuant to Rule 59(e), Federal Rules of

---

[1]Docket No. 174.

[2]Docket No. 173.

Civil Procedure, and that "[n]ormal response and reply times [would] apply."[3]  Plaintiffs have timely filed their opposition,[4] and defendants have timely filed their reply.[5]

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Defendants first argue that the court committed clear error in failing to award them any of their costs.  Defendants contend that this was error because they are entitled to their costs pursuant to Local Rule 54.2(c), which sets forth the requirements for a memorandum in support of a motion for an award of attorneys' fees and "related non-taxable expenses." Defendants also seem to suggest that they should have been awarded these costs because as even the court noted, the requested costs were the kind usually treated as taxable costs.

Defendants's taxable cost argument fails because defendants did not file a Bill of

---

[3]Corrected Order re Motion for Reconsideration, Docket No. 177.

[4]Docket No. 178.

[5]Docket No. 179.

Costs with the Clerk of Court seeking taxable costs.  Had defendants filed at timely Bill of Costs with the Clerk of Court, they undoubtedly would have been awarded some of their costs.  But, defendants did not do so, and their attempt to remedy that problem by requesting "related costs" in their fee motion fails.  Defendants have cited to no authority that stands for the proposition that a prevailing party is entitled to its "related costs" in the absence of an award of attorneys' fees.  Defendants cite to Rule 54(d)(1), Federal Rules of Civil Procedure, and cases discussing Rule 54(d)(1), but that rule applies to taxable costs, not "related costs" such as defendants are requesting.  Because defendants did not show that they were entitled to attorneys' fees, they were not entitled to their "related costs" either.

Secondly, defendants argue that the court committed clear error in failing to award them any attorneys' fees for their defense of plaintiffs' contract claims.  The court declined to award defendants any fees on the contract claims because defendants did not provide the court with a breakdown of which fees were incurred for these specific claims.  Defendants now cite to six entries in their billing statements that specifically relate to the contract claims, and defendants contend that they should be awarded $1,510.50 in fees for this work.

These six entries were not previously highlighted by defendants.  Rather, in their original motion, defendants merely requested their fees associated with the contract claims

-3-

without giving the court any clue as to what portion of the total attorneys' fees requested were incurred for work done on the contract claims.  Defendants could have and should have identified the fees associated with the contract claims in their original motion.  Thus, the court declines to award defendants these fees on motion for reconsideration.

Thirdly, defendants argue that the court erred in concluding that plaintiffs' defamation claim against Kathy Fuller was not groundless.  Defendants insist that this claim was groundless and they should have been awarded fees and costs for the defense of this claim.

The court previously considered and rejected defendants' argument that this claim was groundless.  Defendants offer nothing new here.  This claim was not groundless and defendants are not entitled to their attorneys' fees and costs for their defense of plaintiffs' defamation claim against Fuller.

In sum, defendants have not shown that the court committed clear error as to the denial of their request for "related costs," their request for attorneys' fees for the defense of plaintiffs' contract claims, or their request for attorneys' fees and costs for their defense of plaintiff's defamation claim against Fuller.  Defendants' motion for reconsideration is denied.

DATED at Anchorage, Alaska, this 9th day of July, 2014.

/s/ H. Russel Holland
United States District Judge